IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| M. RANDY RICE, as Chapter 7 Trustee, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| vs. | \*   No. 4:11MC0002- SWW |
| | \* |
| RICHARD ROCHON, ET AL., | \* |
| | \* |
| Defendants. | \* |
| | \* |

**Memorandum Opinion and Order**

Before the Court is a motion filed by Separate Defendant Henry G. Luken, III, ("Luken") to withdraw reference to which plaintiff responded. Luken filed a reply. After careful consideration, the Court finds the motion should be granted in part and denied in part.

On December 8, 2008, Equity Media Holdings Corporation ("Equity Media") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On January 8, 2009, the United States Bankruptcy Court for the Eastern District of Arkansas ("Bankruptcy Court") ordered joint administration of the Equity Media case and bankruptcy cases filed by its Subsidiary Debtors. On June 21, 2010, the Bankruptcy Court granted the motion of Equity Media and its Subsidiary Debtors (collectively the "Debtors") to convert their cases to Chapter 7 cases, and appointed M. Randy Rice the Chapter 7 Trustee for the cases.

On December 8, 2010, the Trustee filed an adversary proceeding against sixteen former officers and directors of Equity Media, including Luken, for breach of fiduciary duties, corporate waste and negligence, avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550, and avoidance and recovery of fraudulent transfers to the Uniform Fraudulent

Transfer Act, Ark. Code Ann. §§ 4-59-201, *et seq.*. The Trustee sued the defendants jointly and severally for all causes of action except for the claim for fraudulent transfers pursuant to federal law.[1] On January 5, 2011, Luken filed his demand for jury trial and motion to withdraw reference of the adversary proceeding to the Bankruptcy Court. In support of his motion, Luken argues withdrawal is proper and necessary because he has a right to a jury trial in defending himself against a fraudulent transfer claim and that right is preserved because he has not submitted to the equitable jurisdiction of the Bankruptcy Court. In response, the Trustee asserts it is within the Court's discretion whether to withdraw the adversary proceeding from the Bankruptcy Court and Luken cannot show cause for withdrawal.

Under Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, the decision to withdraw reference to the bankruptcy court of an adversary proceeding is vested in the district court. The Bankruptcy Code provides: "If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specifically designated to exercise such jurisdiction and with the express consent of all the parties. " 28 U.S.C. §157(e). The consent requirement is reiterated in Fed.R.Bankr.P. 9015(b), which states:

> If the right to a jury trial applies, a timely demand has been filed pursuant to Rule 38(b) F.R.Civ.P., and the bankruptcy judge has been specially designated to conduct the jury trial, the parties may consent to have a jury trial conducted by a bankruptcy judge under 28 U.S.C. §157(e) by jointly and separately filing a statement of consent within any applicable time limits specified by local rule.

*See also* Rule 9015-1 of the United States Bankruptcy Court for the Eastern and Western

---

[1] *See In re Equity Media Holdings Corp., et al.*, 4:08-bk-17646, docket entry 869 (AP No. 4:10-ap-01256).

Districts of Arkansas.

In 1989, the Supreme Court held that a person who has not filed a claim against the bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover alleged fraudulent transfers. *Granfinanciera, S.A. v. Nordberg*, 429 U.S. 33(1989). Based on case law, the statutes, and rules, the Court finds Luken's demand for a jury trial is timely and proper, and that Luken has not consented to have the jury trial conducted by a bankruptcy judge. The Court finds, however, that immediate withdrawal of the reference is not in the best interests of the estate or judicial efficiency. Therefore, the Court will grant the motion as to Luken's request for the district court to preside over the jury trial. The Bankruptcy Court, however, will maintain the reference until the case is ready to proceed to trial, supervising discovery, conducting pretrial conferences, and ruling on pretrial motions, including dispositive motions. *See In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993)("decision whether or not to withdraw the referral immediately is frequently more a pragmatic question of efficient case administration than a strictly legal decision")(internal citation and quotation omitted). Once the Bankruptcy Court certifies that the case is ready for trial, the Court will enter an Order withdrawing the reference and schedule the case for jury trial in the district court.

IT IS THEREFORE ORDERED that the motion to withdraw the reference is granted in part and denied in part.

DATED this 23rd day of February, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE